UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20135-CIV-MORENO

JASON RODRIGUEZ,

    Plaintiff,

vs.

CITY OF HIALEAH, FLORIDA, a municipal corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS AND CLOSING CASE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Complaint **(D.E. 6)**, filed on **January 21, 2020**. THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to dismiss is **GRANTED** by default in accordance with Local Rule 7.1(c). Plaintiff has failed to respond to the motion to dismiss, and thus his failure "may be deemed sufficient cause for granting the motion by default." L.R. 7.1(c).

Furthermore, addressing the merits of the motion to dismiss, the Court finds that both of Plaintiff's claims in count one, brought under the Americans with Disabilities Act and the Florida Civil Rights Act, are time barred by the applicable ninety day statute of limitations. *See* 42 U.S.C. § 2000e-5(f)(1) (imposing a ninety day deadline to file suit upon receipt of the right to sue letter sent by the Equal Employment Opportunity Commission). Plaintiff filed suit in state court on September 8, 2019—186 days after the latest date he could have received the right to sue letter.[1]

---

[1] It appears that Defendant incorrectly states that Plaintiff filed suit on December 13, 2019. Reviewing the state court docket, and the face of the complaint itself, the complaint was filed on September 8, 2019.

The right to sue letter states on its face that it was mailed February 28, 2019, and Defendant claims to have received it on March 6, 2019. Assuming that Plaintiff received the letter that same day, his instant suit is untimely by about three months.[2] *See Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 337 (11th Cir. 2018) ("Here, the district court did not err in dismissing [the plaintiff's] complaint [brought under the Americans with Disabilities Act] as untimely because it was filed after the 90-day deadline."); *Afon v. Clinical Research of Greater Miami, Inc.*, No. 12-cv-22952, 2012 WL 12875473, at *2-4 (S.D. Fla. Nov. 16, 2012) (holding that the ninety day deadline applies to similar claims brought under the Florida Civil Rights Act because "[t]he FCRA was modeled after Title VII of the Federal Civil Rights Act of 1964").

As for count two, Plaintiff failed to exhaust his administrative remedies prior to filing suit. *See Rodriguez v. Sec'y of Dep't of Veteran's Affairs*, 605 F. App'x 957, 958 (11th Cir. 2015). His claims for retaliation are not reasonably encompassed by the allegations of discrimination provided in the charge of discrimination filed with the Equal Employment Opportunity Commission. A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotation marks and citation omitted). While "the scope of an EEOC complaint should not be strictly interpreted," nowhere in the charge does Plaintiff ever allude to the retaliation he now claims he suffered in his complaint, and he fails to check the appropriate box claiming such discrimination. *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). The reason, as Plaintiff himself notes, is because

---

[2] Even if Plaintiff were to contest the date he received the right to sue letter, "[w]hen the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail." *Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 337 (11th Cir. 2018) (alteration in original) (quoting *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005)).

he suffered these acts "after he filed the Charge of Discrimination based on his ADA disability." Regardless, because both the description and box checked in the charge make it clear that Plaintiff was claiming discrimination solely based on his disability, his retaliation claims are foreclosed.³ *See Liu v. Univ. of Miami*, 138 F. Supp. 3d 1360, 1371 (S.D. Fla. 2015) (dismissing claim for retaliation as the plaintiff "failed to include any facts regarding retaliation in her Charge").

In sum, Plaintiff's claims in count one are time barred as they were filed well after the ninety day period for doing so, and his retaliation claims in count two are precluded as they are not reasonably encompassed in the charge. Therefore, it is

**ADJUDGED** that the motion to dismiss is **GRANTED**, and the case is **CLOSED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 28 of February 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

³ The last line of the charge aptly sums up Plaintiff's claim: "I believe I was discriminated against due to my disability in violation of the Americans with Disabilities Act of 1990, as amended."

3